**IN THE UNITED STATES COURT OF APPEALS**
**FOR THE DISTRICT OF COLUMBIA CIRCUIT**

| | | |
|---|---|---|
| **JOHN DOE (Claimant #1),** | ) | |
| | ) | |
| *Petitioner,* | ) | |
| | ) | |
| **v.** | ) | **Case No. 23-1124** |
| | ) | |
| **UNITED STATES SECURITIES,** | ) | NOT YET SCHEDULED |
| **AND EXCHANGE COMMISSION** | ) | FOR ORAL ARGUMENT |
| | ) | |
| *Respondent.* | ) | |
| | ) | |

**STATEMENT OF ISSUES TO BE RAISED**

Pursuant to the Court's Order of April 28, 2023, Petitioner John Doe, by and through counsel, submits the following non-binding statement of issues to be raised in this petition:

1. Whether the United States Supreme Court's grant of certiorari in a D.C. Circuit Court matter to review the *Chevron* doctrine on agency deference necessitates a delay in the briefing schedule of this matter pending the Supreme Court's decision, as the applicability of the *Chevron* doctrine is a central issue in the case at hand. *See Loper Bright Enters. v. Raimondo,* 2023 U.S. LEXIS 1847 (May 1, 2023), *cert. granted,* 2023 U.S. LEXIS 1847 (U.S. May 1, 2023) (No. 22-451).

2. Whether *Chevron U.S.A. Inc. v. NRDC*, 467 U.S. 837 (U.S. 1984) sets forth the standard of review applicable to any or all issues raised in this appeal.

3. Whether the Securities and Exchange Commission's ("SEC") Order Determining Whistleblower Award dated March 31, 2023 ("March 31 Order") was arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law or supported by substantial evidence in violation of the Administrative Procedure Act, 5 U.S.C. § 706(2)(A).

4. Whether the SEC's March 31 Order was contrary to Constitutional right, power, privilege or immunity in violation of the Administrative Procedure Act, 5 U.S.C. § 706(2)(B) and the First Amendment of the United States Constitution.

5. Whether the SEC's Rule 21F-4(a) (17 C.F.R. § 240.21F-4(a)(1)) and Rule 21F-9 (17 CFR § 240.21F-9), upon which the March 31 Order is in part based, are contrary to Constitutional right, power, privilege or immunity in violation of the Administrative Procedure Act, 5 U.S.C. § 706(2)(B) and/or the First Amendment of the United States Constitution.

6. Whether the SEC's March 31, 2023 Order was in excess of statutory jurisdiction, authority, or limitations, or short of statutory right granted by the Dodd-Frank Act, 15 U.S.C. § 78u-6, in violation of the Administrative Procedure Act, 5 U.S.C. § 706(2)(C).

7. Whether the SEC's Rule 21F-4(a), 17 C.F.R. § 240.21F-4(a)(1), upon which the March 31, 2023 Order is in part based was in excess of statutory jurisdiction, authority, or limitations, or short of statutory right granted by the Dodd-Frank Act,

15 U.S.C. § 78u-6, in violation of the Administrative Procedure Act, 5 U.S.C. § 706(2)(C).

8. Whether Petitioner John Doe voluntarily provided the SEC with original information which contributed to the SEC's successful enforcement action, and thus is entitled to a whistleblower award under the Dodd-Frank Act, 15 U.S.C. § 78u-6.

9. Whether it was arbitrary, capricious, an abuse of discretion, or otherwise in violation of law for the Commission to decline to invoke its exemptive authority under Section 36(a) of the Exchange Act to waive the voluntary requirement in SEC Rule 21F-4(a)(1), 17 C.F.R. § 240. 21F-4(a)(1), when Petitioner was the sole, original, voluntary source of the news media reports which prompted the government's request, inquiry, or demand.

10. Whether it was arbitrary, capricious, an abuse of discretion, or otherwise in violation of law for the Commission to decline to invoke its exemptive authority under Section 36(a) of the Exchange Act to waive the TCR filing requirements set forth in SEC Rule 21F-9 (17 CFR § 240.21F-9), when Petitioner was the sole, original, voluntary source of the news media reports which prompted the government's request, inquiry, or demand.

11. Whether Petitioner filed a timely and appropriate TCR complaint pursuant to the Commission rules applicable at the time he filed the TCR.

12. Whether the SEC inappropriately applied a retroactive rule in determining whether or not Petitioner's TCR was timely.

13. Whether the Commission erred in determining that Petitioner failed to comply with the TCR filing rule.

14. Whether the SEC's enactment of Rule 21F-4(a) and reliance on this rule to deny Petitioner's award claim on the basis of having reported his allegations to the news media infringe upon Petitioner's Constitutional rights to free speech in violation of the First Amendment, U.S. Const. Amend. I.

15. Whether the Commission erred in failing to consider the Section 36(a) application for a waiver filed on March 21, 2022.

Respectfully submitted,

*<u>/s/ Kayla M. Svihovec</u>*
Kayla M. Svihovec
Stephen M. Kohn
David K. Colapinto
Kohn, Kohn & Colapinto, LLP
1710 N Street, NW
Washington, DC 20036
(202) 342-6980
kayla.svihovec@kkc.com
sk@kk.com
dc@kkc.com
*Attorneys for Petitioner*

Dated: May 27, 2023

## CERTIFICATE OF SERVICE

I hereby certify that, pursuant to Fed. R. App. P. 25(c), I electronically filed the foregoing document with the Clerk of Court for the U.S. Court of Appeals for the D.C. Circuit via the CM/ECF filing system, thereby serving it on all parties of record, on this 27th day of May, 2023.

*/s/ Kayla M. Svihovec*
Kayla M. Svihovec