UNITED STATES COURT OF APPEALS
FOR THE D.C. CIRCUIT

ORAL ARGUMENT NOT YET SCHEDULED

| | |
|---|---|
| JOHN DOE,<br><br>                Petitioner,<br><br>    v.<br><br>SECURITIES AND EXCHANGE COMMISSION,<br><br>                Respondent. | No. 23-1124<br>REDACTED |

**SECURITIES AND EXCHANGE COMMISSION'S OPPOSITION TO MOTION TO SUPPLEMENT THE RECORD**

The Securities and Exchange Commission respectfully opposes petitioner's motion to supplement the record. Petitioner seeks to supplement the administrative record in this petition for review of a Commission order with a letter from a non-party that was created after the agency order on review. To the extent that the letter seeks to raise legal and policy arguments that are properly before the Court and based upon the record in this case, the Commission has no objection (indeed it consented) to those arguments being raised in an amicus brief. The non-party's

failure to file such a brief, however, does not justify supplementing the administrative record before this Court. Petitioner fails to establish any exception to the rule that agency actions are reviewed based on the record before the agency and the motion for supplementing the record on review should be denied.

## BACKGROUND

In 2010, Congress amended the Securities Exchange Act of 1934 ("Exchange Act") to establish a whistleblower award program to incentivize persons with knowledge of securities law violations to share that knowledge with the Commission and authorized the Commission to implement and administer that program. *See* Dodd-Frank, Pub. L. No. 111-203, 124 Stat. 1376 (2010); 15 U.S.C. § 78u-6(j); *see Securities Whistleblower Incentives and Protections*, 76 Fed. Reg. 34,300 (June 13, 2011). Pursuant to the Commission's whistleblower program, claimants can submit claims for awards in connection with a "covered action," which is a Commission enforcement action resulting in sanctions exceeding $1,000,000. 15 U.S.C. § 78u-6(a)(1).

Petitioner ("Claimant 1" in the Commission's order) submitted such a claim. Final Order (attached as Exhibit 2 to petitioner's motion) at 2. The investigation that led to the Covered Action (the "Investigation") was opened by Commission Enforcement staff based upon ▉▉▉▉▉▉▉ news reports indicating potential misconduct by ▉▉▉▉▉▉▉ (the "Company"). *Id*. at 8. The staff became aware

2

of petitioner from those news reports, as they were reportedly based, in part, on petitioner's information and included statements from petitioner. *Id.* On ▇▇▇▇▇, ▇▇▇▇▇ after the initial news articles were published, the U.S. House of Representatives ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇ issued a letter (the "▇▇▇▇▇▇ letter") to petitioner, signed by Representative Adam Schiff as the ranking Committee member, requesting that petitioner provide documents and appear for an interview. *Id.*; *see also* ▇▇▇▇▇▇▇▇ letter (attached as Exhibit 3 to petitioner's motion).

Commission Enforcement staff contacted foreign counsel for petitioner in ▇▇▇▇▇▇, and in ▇▇▇▇▇▇, Enforcement and other government staff interviewed petitioner at the offices of petitioner's initial U.S. counsel. Final Order at 8. Following the interview, Commission staff made several requests for information to petitioner and was eventually told that petitioner would not respond to the staff's requests. *Id.* ▇▇▇▇▇▇▇▇ later, petitioner submitted a tip to the Commission through its Tips, Complaints, and Referrals system. *Id.*

On ▇▇▇▇▇▇▇▇, the Commission filed a complaint against the Company in federal district court alleging the Company ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇. Final Order at 1. On ▇▇▇▇▇▇▇▇, the court entered final judgment ordering the Company, among other things,

3

to pay a ▮▮▮▮▮ civil penalty. *Id.* at 2. Petitioner timely submitted an award application (the WB-APP) in connection with that action. *Id.*

On ▮▮▮▮▮▮▮, the Commission's Claims Review Staff issued a Preliminary Determination recommending that petitioner's award claim be denied. *Id.*; *see also* Preliminary Determination (attached as Exhibit 4 to petitioner's motion). Among other things, the Preliminary Determination found that petitioner's submission to the Commission was not made voluntarily as required by the statute and Commission regulations. *Id.* The Preliminary Determination explained that ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ Preliminary Determination at 2 n.5. Petitioner filed a response to the Preliminary Determination, contending that petitioner's information was voluntary because petitioner "*voluntarily* provided all of [petitioner's] original information to the news media prior to [petitioner's] receiving any request for that information from any governmental source, including (but not limited to) the U.S. Congress, the Federal Trade Commission, the Department of Justice, and/or the SEC." Response to Preliminary Determination (attached as Exhibit A) at 7-8 (emphasis in original).

4

On ▮▮▮▮▮▮▮▮▮, the Commission issued its final order as to petitioner. The Commission concluded that petitioner did not qualify for an award because, among other things, petitioner "did not meet the voluntary submission requirement" because the record showed that both "Congress and Commission staff contacted Claimant 1 regarding the subject matter of his/her submission before Claimant 1 provided information to either of them or any other Rule 21F-4(a) enumerated entity." Final Order at 8-10. The Commission "decline[d] to accept Claimant 1's argument that the Commission should interpret its rule in a way that equates [disclosure to] the news media to the other enumerated authorities in Rule 21F-4(a)(2)." *Id.* at 10.

On April 28, 2023, petitioner filed in this Court a petition for review of the Commission's final order. Petitioner's initial opening brief was filed on November 26, 2024. On November 23, 2024, counsel from the law firm Levy Firestone Muse emailed Commission appellate counsel stating that they "represent Representative Adam Schiff, who intends to file an amicus brief in favor of Petitioner in John Doe v. SEC, D.C. Cir. 23-1124," and asking for the Commission's position on "a motion for leave to file as amicus." Exhibit B attached hereto. The Commission replied that it consented to such a motion. *Id.* Amicus briefs in support of petitioner or neither party were due to be filed under this Court's scheduling order by December 3, 2024. No brief from Representative Adam Schiff was filed.

Instead, on December 9, 2024, petitioner (not counsel for Representative Schiff) filed the instant motion to "supplement the record with [a] December 4, 2024 Letter to the Court written by Congressman Schiff."  Mot. 4.

## ARGUMENT

The Commission has no objection to Representative Schiff providing relevant background and/or argument with respect to arguments properly before the Court and based upon the record in this case.  Indeed, the Commission consented to the filing of an amicus brief for that purpose.  That Representative Schiff did not file an amicus brief, however, does not provide a basis for petitioner to supplement the administrative record with material that was not before the Commission.

The Commission's regulations implementing the whistleblower program define the scope of the administrative record on a petition for review as consisting of "the Final Order, any materials that were considered by the Commission in issuing the Final Order, and any materials that were part of the claims process leading from the Notice of Covered Action to the Final Order."  Rule 21F-13(b), 17 C.F.R. § 240.21F-13(b).  And it is well-established that the "grounds upon which an administrative order must be judged are those upon which the record discloses that its action was based."  *NLRB v. CNN Am., Inc.*, 865 F.3d 740, 751 (D.C. Cir. 2017) (quoting *SEC v. Chenery Corp.*, 318 U.S. 80, 87 (1943)); *see*

6

*Williams Gas Processing - Gulf Coast Co., L.P. v. FERC*, 373 F.3d 1335, 1345 (D.C. Cir. 2004) ("It is axiomatic that we may uphold agency orders based only on reasoning that is fairly stated by the agency in the order under review.").

As such, this Court does "not allow parties to supplement the record unless they can demonstrate the unusual circumstances justifying departure from this general rule." *Daikin Applied Americas Inc. v. EPA*, 39 F.4th 701, 716 (D.C. Cir. 2022) (internal quotation marks and citations omitted). "Exceptions to that rule are quite narrow and rarely invoked. They are primarily limited to cases where the procedural validity of the agency's action remains in serious question, or the agency affirmatively excluded relevant evidence." *Id*. (internal quotation marks and citations omitted).

As the case petitioner cites makes clear, supplementation is only appropriate where: (1) "the agency deliberately or negligently excluded documents that may have been adverse to its decision;" (2) supplementation is required "in order to determine whether the agency considered all of the relevant factors;" (3) "where the agency failed to explain administrative action [so] as to frustrate effective judicial review;" or (4) where "the agency acted in bad faith." *James Madison Ltd. by Hecht v. Ludwig*, 82 F.3d 1085, 1095 (D.C. Cir. 1996) (internal quotation marks and citations omitted). Petitioner has made no attempt to explain how any of these narrow exceptions apply to this case, and none do.

7

It is undisputed that the December 4, 2024 letter from Representative Schiff that petitioner seeks to have "admitted into the record in this appeal," Mot. 13, post-dates the Commission's order on review by nearly ▮ years. It was thus not part of the claims process or considered by the Commission in issuing the final order on review and is not part of the record on this petition for review. Petitioner contends that supplementation is warranted here because the Commission's record is "inadequate," Mot. 8, but the narrow exceptions for allowing supplementation of the record on appeal are not met by petitioner's vague allegations, which are belied by the record.

Petitioner incorrectly argues that, because the Claims Review Staff's Preliminary Determination did not specifically cite Representative Schiff's ▮ ▮ letter by name/date, petitioner "was given no opportunity to rebut" the conclusion that this request from Congress precluded a finding of voluntariness under the Commission's rules. Mot. 9; *see also* Mot. 3. But the idea that the Commission's citation of the ▮ letter in its final order took petitioner by "surprise" is non-sensical, as it was *petitioner* that attached that very letter to its award application. *See* Pet. Mot. Exh. 3 (▮).

Moreover, petitioner errs in suggesting that the Preliminary Determination somehow failed to put the petitioner on notice that the ▮ letter could be relevant to the voluntariness inquiry. The Preliminary Determination

8

specifically stated that petitioner's submission was not voluntary "because Claimant made the submission(s) *after a request, inquiry, or demand* that relates to same subject matter as the submission(s) was directed to Claimant or anyone representing Claimant (such as an attorney) by (i) *the Commission* . . . or (iii) *Congress or any other authority of the federal government*."  Preliminary Determination at 2 (emphasis added).  The Preliminary Determination also stated that ███████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████ Preliminary Determination at 2 n.5 (emphases added).  Congress is one of the "domestic entities enumerated in Exchange Act Rule 21F-4(a)."  Petitioner therefore had sufficient notice of the ███████ letter's relevance.

And petitioner's claim that petitioner "was given no opportunity to rebut" any reference to the ███████ letter before the Commission is further belied by petitioner's response to the Preliminary Determination.  In its response, petitioner directly addressed the letter, arguing that petitioner "*voluntarily* provided all of his original information to the news media *prior to his receiving any request for that information from any governmental source, including (but not limited to)*

9

*the U.S. Congress*, the Federal Trade Commission, the Department of Justice, and/or the SEC." Exhibit A at 7-8 (first emphasis in original; second emphasis added).

Finally, even if petitioner was correct that the Commission should have had the information that it seeks to supplement the record with before it when considering the award application, the proper remedy would be a request for a remand to the agency to consider the material in the first instance, not supplementation of the record in this Court. *See* 15 U.S.C. § 78y(a)(5) ("If either party applies to the court for leave to adduce additional evidence and shows to the satisfaction of the court that the additional evidence is material and that there was reasonable ground for failure to adduce it before the Commission, the court may remand the case to the Commission for further proceedings….").

Having shown no basis for invoking any of the narrow exceptions this Court has provided for supplementing the record with information not considered by the agency in rendering the decision on review, petitioner's motion must be denied. *See Daikin*, 39 F.4th at 716 ("We decline to make an exception for a declaration that could have been included in the record earlier."); *see also IMS, P.C. v. Alvarez*, 129 F.3d 618, 624 (D.C. Cir. 1997) (rejecting supplementation of the record because "to permit *ex post* supplementation of the record … is not consistent with the prevailing standards of agency review" and "noting that th[is]

10

court had struck portions of an amicus brief that discussed affidavits not available to the agency at the time of its decision") (internal quotation marks and citations omitted).

## CONCLUSION

The Commission consented to an amicus brief by Representative Schiff raising legal and policy arguments that are properly before the Court and based upon the record in this case. No such brief having been filed, however, petitioner's motion to supplement the record on review with an extra-record letter from Representative Schiff should be denied.

Respectfully submitted,

EMILY TRUE PARISE
Senior Appellate Counsel

Securities and Exchange Commission
100 F Street, N.E.
Washington, D.C. 20549-9040
(202) 551-5169

Dated: December 19, 2024

## CERTIFICATE OF COMPLIANCE

I hereby certify as follows:

1. This document complies with the type-volume limit of Fed. R. App. P. 27(d)(2) because, excluding the parts of the document exempted by Fed. R. App. P. 32(f), this document contains 2,221 words as counted using Microsoft Office Word 2016.

2. This document complies with the typeface requirements of Fed. R. App. P. 32(a)(5) and the type-style requirements of Fed. R. App. P. 32(a)(6) because this document has been prepared in a proportionally spaced typeface using Microsoft Office Word 2016 in 14-Point Times New Roman.

/s/ Emily True Parise
EMILY TRUE PARISE
Senior Appellate Counsel

Dated: December 19, 2024

# CERTIFICATE OF SERVICE

I hereby certify that on December 19, 2024, I electronically filed the foregoing document with the Clerk of Court for the United States Court of Appeals for the D.C. Circuit using the appellate CM/ECF system. I certify that all participants in the case are registered CM/ECF users and that service will be accomplished by the appellate CM/ECF system.

/s/ Emily True Parise
EMILY TRUE PARISE
Senior Appellate Counsel

Dated: December 19, 2024

# EXHIBIT A
# (Filed under seal)

# EXHIBIT B

| | |
|---|---|
| **From:** | Parise, Emily |
| **To:** | Daren Firestone |
| **Subject:** | RE: Amicus brief in John Doe v. SEC, D.C. Cir. 23-1124 |
| **Date:** | Monday, November 25, 2024 11:19:00 AM |

Hello,

The Commission consents to the filing of the amicus brief as set forth in your email below.

Best regards,

Emily

Emily True Parise
Office of the General Counsel (Appellate)
U.S. Securities and Exchange Commission
100 F Street, NE
Washington, DC 20549
parisee@sec.gov
Tel: (202) 551-5169

**From:** Daren Firestone <dhf@levyfirestone.com>
**Sent:** Saturday, November 23, 2024 9:59 AM
**To:** Parise, Emily <parisee@SEC.GOV>
**Subject:** Amicus brief in John Doe v. SEC, D.C. Cir. 23-1124

**CAUTION:** This email originated from outside of the organization. Do not click links or open attachments unless you recognize the sender and know the content is safe.

Ms. Parisee,

I represent Representative Adam Schiff, who intends to file an amicus brief in favor of Petitioner in John Doe v. SEC, D.C. Cir. 23-1124. While Rep. Schiff is an officer of the United States and does not need to move the court for permission to file a brief, out of respect for the court, we intend to file a motion for leave to file as amicus. I should be able to get you a draft next week. However, if you know the SEC's position without seeing a draft, please let me know.

Regards,

**Daren H. Firestone**
Partner

**Levy | Firestone | Muse**
900 17th Street NW, Suite 1200, Washington, DC 20006
T 202-408-7041  •  C 773-600-9480  •  F 202-595-8253  •  levyfirestone.com

. . .

The information contained in this communication is confidential, may be attorney-client privileged, may constitute inside information, and is intended only for the use of the addressee.  It is the property of Levy Firestone Muse LLP.  If the reader of this message is not the intended recipient or the employee or agent responsible for delivering this message to the intended recipient, you are hereby notified that any dissemination, distribution or copying of this communication is strictly prohibited

and may be unlawful. If you have received this communication in error, please notify us immediately by reply or by telephone at (202) 261-6580, and immediately destroy this communication and all copies thereof, including all attachments.

IRS Circular 230 Disclosure:
To ensure compliance with requirements imposed by the U.S. Internal Revenue Service, we inform you that any tax advice contained in this communication (including any attachments) was not intended or written to be used, and cannot be used, by any taxpayer for the purpose of (1) avoiding tax-related penalties under the U.S. Internal Revenue Code or (2) promoting, marketing or recommending to another party any tax-related matters addressed herein.
. . .